849 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marrian E. CUFFEE, Administratrix of the Estate of Roscoe
Cuffee, Plaintiff- Appellant,
v.
A.L. ARMSTRONG, Trooper, Defendant-Appellee,
and
United States of America, Defendant.
 No. 87-1723.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 5, 1988.
Decided: June 8, 1988.
 
 Robert L. Mills (Breit, Rutter & Montagna, on brief), for appellant.
 Guy Horsley, Jr., Senior Assistant Attorney General (Mary Sue Terry, Attorney General; Gail Starling Marshall, Deputy Attorney General, on brief), for appellee.
 Before ERVIN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Marrian E. Cuffee appeals from the district court's order entering summary judgment against her on her claim that a Virginia state policeman using excessive force killed her husband. We affirm.
 
 
 2
 * Roscoe Cuffee, a patient at the Veterans Administration Hospital in Hampton, Virginia, left the hospital at 3:00 a.m. dressed in a hospital robe and walked to the north end of the Hampton Roads Bridge-Tunnel. Cuffee was carrying an 18-inch long piece of metal that eyewitnesses described as resembling a knife or machete. After Cuffee swung this object at the vehicle of an emergency patrolman, the patrolman radioed for assistance. State Trooper Alvin L. Armstrong responded to the call and drove past Cuffee in an attempt to identify the metal object and to block Cuffee's further progress. As soon as Armstrong parked his patrol car, Cuffee began approaching Armstrong with the metal object raised as if to strike Armstrong. Armstrong exited his car, pulled his revolver, and ordered Cuffee to stop and drop his weapon. Cuffee stopped momentarily, but then continued to approach with the object still raised as if to strike Armstrong. When Cuffee was 8-10 feet away and still approaching, Armstrong fired at Cuffee, but Cuffee continued to advance. Armstrong then fired two additional shots. Cuffee stopped, began walking away, eventually fell, and later died from the gunshot wounds.
 
 
 3
 Cuffee's widow filed a complaint against Armstrong under 42 U.S.C. Sec. 1983. The complaint alleged that Armstrong's use of deadly force deprived Cuffee of rights protected by the fourth, fifth, sixth, eighth, and fourteenth amendments. Armstrong filed a motion for summary judgment accompanied by affidavits of all eyewitnesses to the shooting. The district court, finding no genuine issue of material fact, held that Armstrong had probable cause to believe that Cuffee posed a serious threat of bodily injury to Armstrong. The court concluded that Armstrong's use of force was constitutionally reasonable and granted his motion for summary judgment.
 
 II
 
 4
 Summary judgment is appropriate when there is no genuine dispute as to the material facts of the case; that is, when the evidence is such that no reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Cuffee's widow contends that certain discrepancies in the affidavits of the eyewitnesses could permit a reasonable jury to infer that Armstrong used unnecessary and excessive force against Cuffee. Mrs. Cuffee argues that these permissible inferences preclude summary judgment.
 
 
 5
 The mere presence of factual discrepancies in the affidavits supporting the motion for summary judgment, however, does not necessarily create a genuine issue of material fact. As the Supreme court stated in Anderson:
 
 
 6
 As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.
 
 
 7
 477 U.S. at 248. The district court concluded that there was no genuine issue concerning the facts that were material to Mrs. Cuffee's constitutional claims. We agree.
 
 
 8
 The applicable substantive law governing this claim is found in the fourth amendment and the Supreme Court's opinion in Tennessee v. Garner, 471 U.S. 1 (1985). Armstrong's use of force against Cuffee physically disabled him and thus constituted a seizure subject to the fourth amendment's reasonableness requirement. In Garner, the Court held that the use of deadly force to subdue a nondangerous, fleeing felon is unreasonable. 471 U.S. at 11. In dictum, the Court noted that where an officer has probable cause to believe that a person poses a threat of serious bodily harm, either to the officer or to others, that officer may use deadly force to prevent the person's escape without violating the fourth amendment. 471 U.S. at 11-12. If an officer reasonably may use deadly force to prevent such a person's escape, it follows that an officer reasonably may use deadly force to prevent such a person from attacking him with a weapon.
 
 
 9
 The affidavits of the four eyewitnesses to the shooting all stated that Cuffee approached Armstrong with a metal object in his hand. Three of the affidavits stated that Cuffee held this object in a raised position as if to strike Armstrong. Every eyewitness close to the scene stated that Armstrong ordered Cuffee to stop and drop his weapon several times, but that Cuffee continued to advance. The plaintiff offered no facts controverting these statements. Given these undisputed facts, the district court correctly concluded that Armstrong had probable cause to believe that he was threatened with serious bodily harm and that his use of deadly force was reasonable under the circumstances. The district court properly granted summary judgment for Armstrong.
 
 III
 
 10
 Mrs. Cuffee also contends that the district court abused its discretion by failing to consider her motion under Federal Rule of Civil Procedure 56(f) to defer any ruling on Armstrong's motion for summary judgment until the end of the scheduled discovery period.
 
 
 11
 This argument is without merit. While Rule 56 clearly contemplates that parties should have a reasonable opportunity to conduct discovery, Mrs. Cuffee has not shown that she did not have a reasonable period of time for discovery in this case. More than five months elapsed between the filing of the complaint and the filing of Armstrong's motion for summary judgment. The district court did not abuse its discretion in refusing the request for Rule 56(f) relief.
 
 
 12
 The motions of Mrs. Cuffee to supplement the record and of Armstrong to strike portions of the joint appendix are likewise without substantial merit and are denied. Having granted summary judgment on Mrs. Cuffee's constitutional claims, the district court did not abuse its discretion in dismissing Armstrong without addressing Mrs. Cuffee's state law tort claims against him. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 13
 AFFIRMED.